Fremont-Smith, J.
In this medical malpractice action, the plaintiff seeks an order requiring the treating doctors, who are not defendants, to consult with the plaintiffs and their counsel prior to their depositions, to refrain from expressing any medical opinions at their depositions and to prohibit them from being represented by counsel appointed by and paid for by the insurer for the defendant doctor, which is also the insurer for the treating doctors.
Plaintiffs complain that, even though counsel appointed by the insurer does not represent the defendant or represent the insurer at the present time, the same law firm has previously represented other doctors sued for malpractice who have been insured by the same insurer in other cases, and complain that the insurer’s appointment of such counsel to represent the treating doctors has resulted in the treating doctors’ refusal to consult with the plaintiffs in this case. Plaintiffs further assert that, although it is stipulated that the treating doctors will not be made defendants in this case, the arrangement constitutes a conflict of interest which is calculated to prevent evidence from being discovered and justice being achieved, not only in this case, but also in other cases where a similar arrangement has been made by the insurer to provide counsel for prescipient witnesses.
There is clearly no violation of the express prohibitions of the Canons of Professional Ethics, in that it is conceded that the treating physicians’ counsel does not presently represent defendant or the insurer, and counsel's prior representation of the insurer or of insured doctors, has not been with respect to any substantially related matter. The treating doctors, moreover, have been informed of, and have consented to, the arrangement with knowledge of their counsel’s prior representation, and have been given the option of being provided other counsel at the insurer’s expense. Of course, the arrangement could be abused. But here, the treating physician’s counsel has assured the court, on the record, that he can and will ethically and honestly represent the treating physicians, and does not personally perceive any conflict of interest. Where, as here, the treating physicians’ counsel is further required to notify the court and other counsel in writing that counsel has not, and will not, divulge any information obtained from the treating physicians to the defendant or to the insurer, the court concludes there can be no appearance of impropriety.
With respect to the requested order that the treating physicians be required to consult with the plaintiffs, a witness is ordinarily free to confer or not to confer, as the witness may choose, with a party to a law suit. A physician’s general duty to cooperate with a former patient in a lawsuit does not mean, in the court’s judgment, that the treating physician must take sides *22 between a former patient and a colleague who has been sued by the patient, in such a situation, the court believes that a physician’s ethical obligation to a former patient is satisfied if he makes himself available at a deposition to give truthful and responsive testimony.
Counsel for each side has indicated that they do not intend to designate any treating physician as an expert. In such circumstances, a physician cannot be required to provide expert opinion testimony at deposition or trial, to the other side. The treating physician is, however, required to testify as to any professional opinion which he had already formed during his treatment of a patient, based upon the facts then known to him.
ORDER
Accordingly, it is ORDERED as follows:
The depositions of doctors Ronald Bleday, Melissa Upton, and Mark Huberman, maybe conducted.
The treating physicians shall testify as to facts and physical observations made during their treatment of the late Suzanne Burgess, but shall give opinion testimony only with respect to opinions they had already formed in the course of their treatment based upon the facts then known to them.
The treating physicians may be represented at and before their depositions by counsel chosen by them including, if they choose, counsel provided to them and paid for by the insurer, provided that they have been fully apprised of their attorney’s past representation of the insurer and other insured doctors, and have been advised of their right to be represented, if they choose, by other counsel at the insurer's expense.[1] Counsel for the treating physicians shall promptly file and serve a letter affirming that counsel has not, and will not, divulge any information learned from the treating physicians, to the insurer or to the defendant, and affirming that counsel has advised the treating physicians that they are free, if they so wish, to consult (with or without counsel being present) with plaintiffs and their counsel.

 A copy of such a letter has been provided to the court and other counsel.